UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTHA LABELL, Personal Representative of the ESTATE OF RICHARD H. STROUD,<br><br>Plaintiff<br><br>v.<br><br>THOMAS ARTHUR DEWIRE and JAMES MICHAEL DEWIRE, INDIVIDUALLY AND AS TRUSTEES OF DEWIRE FAMILY TRUST,<br><br>Defendants | Civil Action |

**VERIFIED COMPLAINT AND CLAIM FOR TRIAL BY JURY**

Summary of Claim, Jurisdiction and Venue

Plaintiff, Martha Labell is the Personal Representative of the Estate of Richard H. Stroud. Stroud was a professional artist of recognized stature, who for many years, rented or occupied certain premises from Defendants in Somerville, Massachusetts.

Labell is seeking damages on behalf of Stroud's Estate under the Visual Artists Rights Act (17 U.S.C. §106A), for Defendants intentional or grossly negligent conduct that caused many of Stroud's works of art to be mutilated or destroyed in violation of the provisions of the Act. Jurisdiction is conferred on this Court under the Visual Artists Rights Act pursuant to 28 U.S.C. §1338(a) and proper venue exists under 28 U.S.C. §1400(a).

This Court has supplemental jurisdiction over all other claims in this Action under 28 U.S.C. §1367(a), including claims for damages under the Massachusetts Art Preservation Act , M.G.L. c. 231 §85S, for damaging and causing the destruction, mutilation or modification of hundreds of Stroud's original works of art, as well as for breach of Stroud's express and/or implied covenant of quiet enjoyment, constructive eviction, and violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

<u>Basic Facts</u>

1.     Plaintiff, Martha Labell ("Labell") is the Personal Representative of the Estate of Richard H. Stroud (the "Estate").  Richard H. Stroud ("Stroud"), late of 76 Elm Street, Jamaica Plain, Suffolk, Massachusetts 02130, died on May 30, 2015.  Labell is Stroud's widow and is his sole heir.  The Estate was probated in Suffolk County Probate Court under Docket No. SU15P1565EA.   All of the allegations made by Labell in this Complaint are based either on her personal knowledge or upon information and belief, which allegations she believes to be true.

2.     Stroud was a professional artist of recognized stature, and for many years, was engaged in the business of creating and selling works of visual art.

3.     Defendant, Thomas Arthur Dewire ("Tom Dewire") is an individual who resides at 2 Holden Street, Cambridge, Middlesex County, Massachusetts.

4.     Defendant, James Michael Dewire ("James Dewire") is an individual who resides at 2 Holden Street, Cambridge, Middlesex County, Massachusetts.

5.     Defendants, Tom Dewire and James Dewire are Trustees of Dewire Family Trust having a principal place of business at 381 Washington Street, Somerville, Middlesex County, Massachusetts (the "Trust").  At all times material hereto, the Trust

owned, managed, controlled, operated, and/or maintained a building located at 381R Washington Street, Somerville, Massachusetts (the "Building").

6.  At all times material hereto, Defendants, Tom Dewire and James Dewire, individually or together, managed, controlled and/or operated the Trust and the Building. Reference herein to the Trust includes all actions undertaken by Tom Dewire and/or James Dewire as well as their agents, servants, employees and attorneys, or their failure to act.

7.  Sometime in or around the early to mid-2000s, Stroud rented a portion of the Building from the Trust as a tenant-at-will (the "Premises"). Stroud paid rent to the Trust for the Premises for many years through approximately September 2013.

8.  At all times material hereto, Defendants, Tom Dewire and/or James Dewire, individually and as Trustees of the Trust knew that Stroud was an artist and that he was using and used the Premises as an artist's studio for the purpose of creating and storing works of art and related materials.

9.  In or around 2012, either the skylight or the roof to the Premises started to leak. This situation made it very difficult for Stroud to work in the Premises and to safely store his works of art and other materials therein. One or more of the Defendants were notified of the leaks and promised to repair the skylight and/or the roof but insisted that Stroud first move some of his works of art and related materials out of the Premises so that workmen could make the necessary repairs.

10.  Stroud complied with the Defendants' request and he hired a mover, rented other storage space and moved some of his works of art and related materials to a

different location. Stroud left many additional works of art and other materials on the Premises but he moved them away from the leaking roof.

11.    Despite Stroud's compliance with Defendants' request, the Trust did not fix the leaks. Furthermore, Defendants changed the locks to the Premises and did not give Stroud a key to the new locks. The locks were changed without serving Stroud with a Notice to Quit or otherwise seeking judicial authority, thereby constructively evicting Stroud and completely depriving him of the use and enjoyment of the Premises. As a result, Stroud was unable to retrieve the rest of his works of art during his lifetime.

12.    Furthermore, Defendants refused to let Labell enter the Premises after her husband died so that she could remove her husband's works of art and other materials, until after she was appointed Personal Representative of the Estate. From the time that the locks to the Premises were changed by the Trust to date, virtually all of Stroud's works of art and other materials that were in the Premises were damaged or destroyed by the leaking roof or by the Defendants or by workmen who entered the Premises at the direction of the Defendants to make interim repairs to the Premises.

Count I
(Violation of the Visual Artists Rights Act ("VARA"),
17 U.S.C. §106A against the Trust)

13.    Labell repeats and realleges Paragraphs 1 through 12 of the Complaint as if restated and repeated herein in their entirety.

14.    Many of Stroud's works that were left in the Premises are works of visual art of recognized stature and they are protected under the provisions of the Visual Artists Rights Act, 17 U.S.C.§106A ("VARA").

15.    As a result of the leaking roof, the continuing deterioration of the Premises, and work that was done therein, most if not all of Stroud's works of art that are still in the Premises, have been damaged or destroyed.

16.    Defendants' refusal to repair the leaks and otherwise maintain the Premises, and its decision to change the locks to the Premises and to keep Stroud, and later Labell from retrieving Stroud's works of art was intentional or grossly negligent and it caused Stroud's works of art that are still in the Premises to be mutilated or destroyed in violation of the provisions of VARA. As a result, Stroud's honor and reputation as an artist have been prejudiced in violation of VARA, and the value of his works of art have been diminished or destroyed, all to the great damage of Stroud and the Estate.

<u>Count II</u>
(Vicarious Liability against Tom Dewire and/or James Dewire,
Jointly or Severally for Violation of VARA)

17.    Labell repeats and realleges Paragraphs 1 through 12 of the Complaint as if restated and repeated herein in their entirety.

18.    At all times material hereto, Tom Dewire and/or James Dewire, acted both individually and as Trustees of the Trust and both of them had a direct financial interest in the activities of the Trust and they had the right and ability to supervise the Trust's actions and activities.

19.    Many of Stroud's works that were left in the Premises are works of visual art of recognized stature and they are protected under the provisions of the Visual Artists Rights Act, 17 U.S.C.§106A ("VARA").

20.     As a result of the leaking roof and the continuing deterioration of the Premises, most of Stroud's works of art that are still in the Premises, have been damaged or destroyed.

21.     Tom Dewire and/or James Dewire's refusal to repair the leaks and otherwise maintain the Premises, and their decision to change the locks to the Premises and to keep Stroud and Labell from retrieving Stroud's works of art was intentional or grossly negligent and it caused Stroud's works of art that are still in the Premises to be mutilated or destroyed in violation of the provisions of VARA.  As a result, Stroud's honor and reputation as an artist have been prejudiced in violation of VARA, and the value of his works of art have been diminished or destroyed, all to the great damage of Stroud and the Estate.

## Count III
(Violation by the Trust of the Massachusetts Art Preservation Act ("MAPA") M.G.L. c. 231 § 85S)

22.     Labell repeats and realleges Paragraphs 1 through 12 of the Complaint as if restated and repeated herein in their entirety.

23.     Many of Stroud's works that were left in the Premises are works of visual art of recognized quality and they are protected under the provisions of the Massachusetts Art Preservation Act, M.G.L. c. 231 § 85S ("MAPA").

24.     As a result of the leaking roof and the continuing deterioration of the Premises, many of Stroud's works of art that are still in the Premises, have been damaged or destroyed.

25.     Defendants' refusal to repair the leaks and otherwise maintain the Premises was grossly negligent as such term is defined in MAPA, and it caused Stroud's

works of art that are still in the Premises to be defaced, mutilated, altered or destroyed in violation of the provisions of MAPA, and the value of his works of art have been diminished or destroyed, all to the great damage of Stroud and the Estate.

<u>Count IV</u>
(Vicarious Liability against Tom Dewire and/or James Dewire,
Jointly or Severally for Violation of MAPA)

26.    Labell repeats and realleges Paragraphs 1 through 12 of the Complaint as if restated and repeated herein in their entirety.

27.    At all times material hereto, Tom Dewire and/or James Dewire, acted both individually and as Trustees of the Trust and both of them had a direct financial interest in the activities of the Trust and they had the right and ability to supervise the Trust's actions and activities.

28.    Many of Stroud's works that were left in the Premises are works of visual art of recognized quality and they are protected under the provisions of the Massachusetts Art Preservation Act, M.G.L. c. 231 § 85S ("MAPA").

29.    As a result of the leaking roof and the continuing deterioration of the Premises, many of Stroud's works of art that are still in the Premises, have been damaged or destroyed.

30.    The refusal of Tom Dewire and/or James Dewire to repair the leaks and otherwise maintain the Premises was grossly negligent as such term is defined in MAPA, and it caused Stroud's works of art that are still in the Premises to be defaced, mutilated, altered or destroyed in violation of the provisions of MAPA, and the value of his works of art have been diminished or destroyed, all to the great damage of Stroud and the Estate.

## Count V
(Breach of Covenant of Quiet Enjoyment)

31.     Labell repeats and realleges Paragraphs 1 through 12 of the Complaint as if restated and repeated herein in their entirety.

32.     The failure of the Defendants to fix the leaks in the Premises constituted a breach of Stroud's covenant of quiet enjoyment as a result of which the Premises became untenantable and Stroud was no longer able to use and enjoy the Premises for the purpose for which it was rented all to his great damage.

33.     Furthermore, Stroud was further damaged by the Defendants refusal during Stroud's lifetime to let him enter the Premises so he could remove the rest of his works of art and other materials from the Premises, which caused or contributed to the damage and destruction of virtually all of Stroud's works of art that were in the Premises.

## Count VI
(Constructive Eviction)

34.     Labell repeats and realleges Paragraphs 1 through 12 of the Complaint as if restated and repeated herein in their entirety.

35.     The actions of the Trust in changing the locks to the Premises without the permission of a court of competent jurisdiction constitutes constructive eviction of Stroud for which the Estate is entitled to damages as well as for the value of Stroud's works of art that been diminished or destroyed as a result of the leaks in the Premises that Defendants refused to fix or repair.

<u>Count VII</u>
(Violation of Consumer Protection Act, M.G.L. c. 93A)

36.     Labell repeats and realleges Paragraphs 1 through 35 of the Complaint as if restated and repeated herein in their entirety.

37.     At all times material hereto, Stroud was engaged in the conduct of a trade or commerce as that term is defined in M.G.L. c. 93A.

38.     The actions of Tom Dewire and/or James Dewire acting individually and as Trustees of the Trust in breaching Stroud's covenant of quiet enjoyment and in changing the locks to the Premises without judicial authority were intentional and willful and constitute unfair or deceptive acts or practices declared unlawful by M.G.L. c. 93A § 2 or the rules and/or regulations promulgated thereunder.

39.     As a result of the actions of the Trust, Tom Dewire and/or James Dewire, Stroud and the Estate have been damaged and they are entitled to triple but no less than double their damages, plus costs and attorney's fees, for breach of the covenant of quiet enjoyment, constructive eviction and damages for the destruction and damage to Stroud's works of art and other materials.

WHEREFORE, Plaintiff, Martha Labell, as Personal Representative of the Estate of Richard H. Stroud demands judgment against Defendants, Thomas Arthur Dewire and James Michael Dewire, jointly and severally, both as individuals and as Trustees of the Dewire Family Trust, as follows:

a)      That Defendants be required to pay the Estate such actual damages as the Estate has sustained in consequence of Defendants' violations of the rights of Stroud and his Estate under the Visual Artists Rights Act ("VARA");

b)      In lieu of the Estate's actual damages under VARA, that Defendants be required to pay to the Estate such Statutory Damages as to the Court shall appear just within the provisions of said Act, in a sum not less than $750 nor more than $30,000 for each work of visual art that has been damaged, destroyed or mutilated in violation of VARA, or if the Court finds that Defendants' actions were committed willfully, such statutory damages as to the Court shall appear just within the provisions of the Act in a sum up to and including $150,000 for each work of visual art that has been damaged, destroyed or mutilated in violation of VARA;

c)      That this Court award the Estate damages against Defendants for the fair value of all works of art that have been defaced, mutilated or destroyed under the provisions of the Massachusetts Art Preservation Act ("MAPA");

d)      That Defendants be required to pay to the Estate such damages as to the Court shall appear just within the provisions of MAPA;

e)      That this Court award the Estate damages against Defendants either in an amount equal to the value of all damaged works of art before they were damaged, or an amount that would permit the Estate to repair or restore all damaged works of art, whichever is greater;

f)      That this Court award the Estate damages against Defendants for the fair value of all works of art that have been defaced, mutilated distorted or damaged;

g)      That this Court award the Estate damages against Defendants for violation of Stroud's express and/or implied covenant of quiet enjoyment;

h)  That this Court award the Estate damages against Defendants for constructively evicting Stroud from the Premises;

i)  That the Court award the Estate triple but no less than double its damages against Defendants, plus costs and attorney's fees under the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

j)  That Defendants pay to the Estate its costs together with reasonable attorney's fees in an amount to be determined by this Court;

k)  That the Estate have such other and further relief as is deemed to be just and proper.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL CLAIMS TRIABLE BY JURY**

MARTHA LABELL,
Personal Representative of the
Estate of Richard H. Stroud

By her attorney,

/s/ Andrew D. Epstein

December 22, 2015

Andrew D. Epstein, Esquire
BBO #155140
Barker, Epstein & Loscocco
10 Winthrop Square
Boston, MA  02110
(617) 482-4900
FAX: (617) 426-5251
Email: PhotoLaw@AOL.com

<u>Verification of Complaint</u>

I, Martha Labell, individually and as the Personal Representative of the Estate of my deceased husband, Richard H. Stroud, verify that the allegations contained in this Complaint are true to the best of my knowledge and belief, and as to those allegations based on my knowledge and belief, I believe them to be true to the best of my knowledge and belief.

Signed under the pains and penalties of perjury this 22nd day of December 2015.



_____
Martha Labell